[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13469

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:07-cv-81170-PCH

CLEARPLAY, INC.,
a Utah Corporation,

Plaintiff - Counter -
Defendant - Appellee,

versus

NISSIM CORP.,
a Florida Corporation,

Defendant - Counter -
Claimant - Appellant,

MAX ABECASSIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2011)

Before BARKETT and WILSON, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:

Nissim Corp. and its President Max Abecassis (collectively "Nissim") appeal from the district court's order granting ClearPlay Inc. ("ClearPlay") a preliminary injunction in ClearPlay's state law action against Nissim. The preliminary injunction precluded Nissim from stating or suggesting to ClearPlay's business associates that an order entered by the court in a parallel patent-infringement lawsuit effectively terminated a license agreement between the two parties, which authorized ClearPlay to make and sell DVD-filtering technology.

We find it unnecessary to relate the tortured legal history of the litigation between the parties, as the only issue before us in this appeal is whether the district court abused its discretion in granting the preliminary injunction.[1] See Siegel v. LePore, 234 F.3d 1163, 1178 (11th Cir. 2000) (en banc). "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant

---

[*] Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

[1] We reject Nissim's initial argument that we lack jurisdiction over this appeal, which was transferred to us by the United States Court of Appeals for the Federal Circuit. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988).

outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Id. at 1176.

We have carefully reviewed the district court's findings of fact and conclusions of law, and cannot say that Nissim has shown that the district court abused its discretion in issuing the preliminary injunction. Accordingly, we affirm.

**AFFIRMED.**